**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | | |
|---|---|---|
| | ) | |
| STANCORP MORTGAGE INVESTORS, LLC, | ) ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 1:26CV313 (JRR) |
| | ) | |
| CUSHMAN & WAKEFIELD OF MARYLAND, LLC, ET AL., | ) ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANT CUSHMAN & WAKEFIELD OF MARYLAND, LLC'S
<u>MEMORANDUM IN SUPPORT OF ITS SECOND MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................1

ARGUMENT ...................................................................................................................2

I.      The Court Should Dismiss the Fraud Claim (Count 1)......................................2

II.     The Court Should Dismiss the Negligence Claims (Counts 2-5). .....................3

    A.      As to sixteen of the appraisals, Cushman MD owed Stancorp no extra-
        contractual duty of care.........................................................................3

    B.      As to eight of the appraisals, Cushman MD owed Stancorp no common-law duty
        of care...................................................................................................4

    C.      Stancorp cannot recover the damages it seeks for its negligence claims..............5

    D.      Stancorp's claims are time-barred by the contractual limitations period. ............7

    E.      Stancorp alleges knowledge of falsity, which precludes a claim for negligent
        misrepresentation. .................................................................................9

    F.      The claims for negligence and professional negligence are duplicative..............10

III.    The Court Should Dismiss the Fraudulent Inducement Claim (Count 6).......................11

    A.      The alleged misrepresentations were made after Stancorp signed the engagement
        letters, and therefore could not have induced it to sign. .....................................11

    B.      Stancorp fails to allege that defendants lacked the intent to perform USPAP
        appraisals when they signed the engagement letters.............................................12

    C.      Stancorp cannot seek rescission of the engagement letters because it already
        chose to sue for damages. ...................................................................................13

IV.     The Court Should Dismiss the Breach of Contract Claim (Count 7). ............................14

    A.      Cushman MD is not a party to nine letters of engagement................................14

    B.      Stancorp alleges that the letters of engagement were void *ab initio*...................14

    C.      The contractual limitations apply to Stancorp's contract claim as it relates to the
        majority of the appraisals....................................................................................15

CONCLUSION...............................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*200 N. Gilmor, LLC v. Capital One, Nat'l Ass'n*,
  863 F. Supp. 2d 480 (D. Md. 2012) ..................................................................................9

*ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*,
  917 F.3d 206 (4th Cir. 2019) ............................................................................................3

*Access Limousine Svc., Inc. v. Svc. Ins. Agency, LLC*,
  No. TDC-15-3724, 2017 WL 3475669 (D. Md. Aug. 11, 2017)............................................7

*Aloi v. Moroso Inv. Partners, LLC*,
  No. DKC-11-2591, 2012 WL 4341741 (D. Md. Sept. 20, 2012) ..........................................13

*Bennett v. Ashcraft & Gerel, LLP*,
  259 Md. App. 403 (2023) .................................................................................................13

*Brown v. NVR, Inc.*,
  No. PJM-10-1002, 2011 WL 2148793 (D. Md. May 31, 2011)............................................13

*Burris Chem., Inc. v. USX Corp.*,
  10 F.3d 243 (4th Cir. 1993) ..............................................................................................4

*Ceccone v. Carroll Home Svcs., LLC*,
  454 Md. 680 (2017) ...........................................................................................................8

*Cherdak v. ACT, Inc.*,
  437 F. Supp. 3d 442 (D. Md. 2020)....................................................................................9

*Coomes v. Moran*,
  No. ELH-22-2639, 2025 WL 2106739 (D. Md. July 28, 2025) ...........................................10

*Dann Marine Towing, LC v. Gen. Ship Repair Corp.*,
  No. MJG-12-1610, 2017 WL 3916992 (D. Md. Sept. 7, 2017)............................................6

*Darcangelo v. Verizon Commc'ns, Inc.*,
  292 F.3d 181 (4th Cir. 2002) ............................................................................................2

*Doe Mountain Enters., Inc. v. Jaffe*,
  171 Md. App. 1 (2006) .....................................................................................................13

*Doe v. Cmty. Coll. of Baltimore Cty.*,
  595 F. Supp. 3d 392 (D. Md. 2022) ..................................................................................10

*Fox v. Statebridge Co.*,
    629 F. Supp. 3d 300 (D. Md. 2022)...................................................................................2

*Frozen Wheels, LLC v. Potomac Valley Home Med., Inc.*,
    No. CCB-20-2479, 2021 WL 2226175 (D. Md. June 2, 2021) ................................................9

*Harden v. Budget Rent A Car Sys., Inc.*,
    726 F. Supp. 3d 415 (D. Md. 2024)...................................................................................2

*Hejazi v. Oliveri & Assocs., LLC*,
    No. CCB-14-2974, 2015 WL 6750793 (D. Md. Nov. 5, 2015).................................................2

*Horlick v. Capital Women's Care, LLC*,
    896 F. Supp. 2d 378 (D. Md. 2011).................................................................................14

*Huntington Mortg. Co. v. Mortg. Power Fin. Svcs., Inc.*,
    90 F. Supp. 2d 670 (D. Md. 2000)...................................................................................5

*Jacobson v. Allstate Ins. Co.*,
    No. WDQ-06-1629, 2006 WL 8456611 (D. Md. Oct. 24, 2006) .........................................13

*Jackson v. J.P. Morgan Chase Bank, N.A.*,
    No. PWG-14-3180, 2015 WL 3465735, at *3 (D. Md. May 28, 2015)................................14

*Julian v. Buonassissi*,
    414 Md. 641 (2010) .......................................................................................................14

*Kantsevoy v. LumenR LLC*,
    301 F. Supp. 3d 577 (D. Md. 2018).................................................................................12

*Klicos Painting Co. v. Saffo Contractors, Inc.*,
    No. JFM-15-2505, 2017 WL 3976625 (D. Md. Sept. 6, 2017) ...........................................15

*Kwang Dong Pharm. Co. v. Han*,
    205 F. Supp. 2d 489 (D. Md. 2002).................................................................................12

*Larue v. Chase*,
    No. DLB-25-225, 2025 WL 3703618 (D. Md. Dec. 22, 2025) .............................................2

*Legore v. OneWest Bank, FSB*,
    898 F. Supp. 2d 912 (D. Md. 2012)...................................................................................4

*Mayor & City Council of Havre De Grace v. Pensell*,
    No. 1746, 2025 WL 2218301 (Md. App. Aug. 5, 2025) .......................................................15

*Rassa v. Rollins Protective Svcs., Co.*,
    30 F. Supp. 2d 538 (D. Md. 1998)....................................................................................7

*RLI Ins. Co. v. John H. Hampshire, Inc.*,
  461 F. Supp. 2d 364 (D. Md. 2006)...................................................................................4

*Strum v. Exxon Co.*,
  15 F.3d 327 (4th Cir. 1994) ............................................................................................12

*Sun-Lite Glazing Contractors, Inc. v. J.E. Berkowitz, LP*,
  37 F. App'x 677 (4th Cir. 2002) .......................................................................................3

*View Point Med. Sys., LLC v. Athena Health, Inc.*,
  9 F. Supp. 3d 588 (D. Md. 2014) .................................................................................3, 12

*Walton v. Premier Soccer Club, Inc.*,
  490 Md. 204 (2025) ..........................................................................................................4

*Wiseman v. First Mariner Bank*,
  No. ELH-12-2423, 2013 WL 5375248 (D. Md. Sept. 23, 2013)........................................11

**Statutes**

Md. Code, Courts & Judicial Proceedings § 5-101 ......................................................................8

**Other Authorities**

Fed. R. Civ. P. 8........................................................................................................................3

Fed. R. Civ. P. 12(b)(6).........................................................................................................1, 2

iv

Defendant Cushman & Wakefield of Maryland, LLC ("Cushman MD"), pursuant to L. Civ. R. 105, submits this memorandum in support of its second motion to dismiss the claims against it in the amended complaint filed by Plaintiff Stancorp Mortgage Investors, LLC ("Stancorp").

## INTRODUCTION

This amended complaint is Stancorp's attempt at curing the many defects in its original pleading, as highlighted in the defendants' initial motions to dismiss. But most of the defects are inherent to the claims Stancorp makes, and they cannot be fixed by amendment or additional facts. One glaring problem is the limitations on liability that Stancorp agreed to in the letters of engagement on which it is suing. Recognizing this, Stancorp added a fraudulent inducement claim to its amended complaint in a futile effort to rescind the agreements. But that claim is insufficiently pled and has no basis in law or fact. At bottom, the amended pleading cured nothing. Stancorp's claims remain subject to dismissal.

Cushman MD did not execute all twenty-five letters of engagement or perform all twenty-five appraisals that are the subject of Stancorp's amended complaint. Rather, Cushman MD executed sixteen letters of engagement, and it performed twenty-two of the appraisals. Thus, any claims relating to the appraisals with which Cushman MD was not involved from a contractual or performance standpoint must be dismissed from the outset. But none of the other claims can withstand a Fed. R. Civ. P. 12(b)(6) motion either. The contractual terms in the letters of engagement bar Stancorp's damages theory while also rendering most of the claims time-barred. Among other defects, Stancorp's complaint also presents duplicative causes of action and inadequately alleges the prima facie elements of fraud. As discussed below, Stancorp fails to state a claim against Cushman MD.

1

**ARGUMENT**

The Court should dismiss all claims against Cushman MD under Fed. R. Civ. P. 12(b)(6). Because Stancorp explicitly relies on the letters of engagement, *see, e.g.*, ECF 24 ¶¶ 34-35, 67-70; ECF 24-1, the Court can consider those agreements on a motion to dismiss. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) ("Because Darcangelo relies on the agreement in her complaint, it was proper for the district court to consider it in ruling on the motion to dismiss.").

## I. The Court Should Dismiss the Fraud Claim (Count 1).

Stancorp fails to adequately allege that any misrepresentation was made "for the purpose of defrauding [Stancorp]," which is a prima facie element of its fraud claim. *Larue v. Chase*, No. DLB-25-225, 2025 WL 3703618, at \*10 (D. Md. Dec. 22, 2025). To be sure, Stancorp's pleading includes a formulaic recitation of this element. *See* ECF 24 ¶ 119 (alleging that Cushman MD "made the representations for the purpose of defrauding [Stancorp]"). However, this Court does not allow conclusory allegations to support the element of fraudulent intent. *See, e.g.*, *Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 439 (D. Md. 2024) (dismissing fraud claim that was based on "conclusory allegations" that the defendants "intended to defraud" the plaintiff); *Fox v. Statebridge Co.*, 629 F. Supp. 3d 300, 312-13 (D. Md. 2022) (dismissing fraud claim that was based on "conclusory, unsupported" allegations of the defendant's "intent to defraud"); *Hejazi v. Oliveri & Assocs., LLC*, No. CCB-14-2974, 2015 WL 6750793, at \*2 (D. Md. Nov. 5, 2015) (holding that "conclusory allegations" of the "intent to defraud" element are "insufficient to survive a motion to dismiss").

As in these other cases, the pleading here fails to include a single factual allegation of motive or other rationale to explain why Cushman MD would have intended to defraud Stancorp

about the valuations.  For example, Stancorp does not allege that Cushman MD received a kickback, obtained other appraisal engagements, or was provided any other benefit from supposedly scheming with third-party borrowers to defraud Stancorp.  Without *any* such facts, the Court is left with only a conclusory recitation of the third element of fraud, as set forth in Paragraph 119.  It is well-settled that "conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard." *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 211 (4th Cir. 2019). Therefore, Count 1 must be dismissed for failure to adequately plead Cushman MD's intent to defraud Stancorp.

## II.    The Court Should Dismiss the Negligence Claims (Counts 2-5).

### A.    As to sixteen of the appraisals, Cushman MD owed Stancorp no extra-contractual duty of care.

The Court should dismiss Stancorp's tort claims as to the sixteen appraisals for which Cushman MD was the contracting party, because the duty on which those claims are predicated is purely contractual.  Under Maryland law, "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." *View Point Med. Sys., LLC v. Athena Health, Inc.*, 9 F. Supp. 3d 588, 616 (D. Md. 2014).  "Applying this caselaw, this circuit has made clear that we will not countenance a negligent misrepresentation claim premised only upon a breach of a contractual obligation when the contract does not provide for the bringing of such a claim and the parties are equally sophisticated." *Sun-Lite Glazing Contractors, Inc. v. J.E. Berkowitz, LP*, 37 F. App'x 677, 680 (4th Cir. 2002) (quotation marks omitted).  Here, the obligation to comply with USPAP was contractual, *see* ECF 17-3, Attachs. D, E, F, H, L, M, N, O, P, Q, R, S, T, U, V,

W, and the parties are equally sophisticated.  Thus, any alleged failure to comply with USPAP can violate only a contractual duty, not an independent tort duty owed to Stancorp.

Anticipating this argument, Stancorp alleges that the independent duty arises from the Code of Maryland Regulations (COMAR), which purportedly incorporates USPAP.  ECF 24 ¶ 74.  But that is not relevant because even if COMAR requires appraisers to comply with USPAP, it does not provide a private right of action to sue.  *See Legore v. OneWest Bank, FSB*, 898 F. Supp. 2d 912, 918 (D. Md. 2012) ("[B]ecause Congress did not intend HAMP to create a private right of action, Legore cannot rely on an alleged violation of the HAMP guidelines as the sole basis for an action in negligence.").  The Court must reject Stancorp's invitation to create a new private right of action for failure to comply with USPAP.  *See Burris Chem., Inc. v. USX Corp.*, 10 F.3d 243, 247 (4th Cir. 1993) (holding that "federal courts sitting in diversity rule upon state law as it exists and do not surmise or suggest its expansion").  Accordingly, the Court should dismiss Counts 2-5 as they pertain to the sixteen appraisals identified above.

**B.     As to eight of the appraisals, Cushman MD owed Stancorp no common-law duty of care.**

The four negligence counts should be dismissed as to the appraisals for Vision, The Darcy, The Courtland, The Calvert, The Archer, The Belvidere, The Suites, and The Davis, because Cushman MD owed no common-law duty of care to Stancorp where the parties had no privity of contract.  "Negligence is a breach of a duty owed to one, and absent that duty, there can be no negligence."  *Walton v. Premier Soccer Club, Inc.*, 490 Md. 204, 219 (2025) (brackets omitted). "If the risk created by negligent conduct is no greater than one of economic loss, generally no tort duty will be found absent a showing of privity or its equivalent."  *RLI Ins. Co. v. John H. Hampshire, Inc.*, 461 F. Supp. 2d 364, 367 (D. Md. 2006) (brackets omitted).  Here, Stancorp

4

claims purely economic losses, and it was not in privity of contract with Cushman MD as to these eight appraisals, which means that Cushman MD owed no common-law tort duty to Stancorp.

In a factually analogous case, this Court previously held that an appraiser owes no tort duty to a third-party lender, even where the lender "relied upon the appraisals to establish a credible basis upon which to extend [] loans." *See Huntington Mortg. Co. v. Mortg. Power Fin. Svcs., Inc.*, 90 F. Supp. 2d 670, 672 (D. Md. 2000). Judge Williams explained that, in the case of real estate appraisers, Maryland courts "do not recognize an exception for purely economic loss claims where the parties are not in privity." *Id.* He further explained that: "Plaintiff [i.e., the lender] asks this Court to set new Maryland law with respect to real estate appraisers, but the Court declines to perform that task. Accordingly, the Court holds that under Maryland law, no tort duty exists in the absence of privity." *Id.* at 673.

Here, because Stancorp and Cushman MD were not in privity of contract as to the eight appraisals identified above, the Court should apply Judge Williams' reasoning in *Huntington* and decline Stancorp's invitation to recognize a new tort duty owed by real estate appraisers to third-party lenders. Accordingly, the Court should dismiss Counts 2-5 as they pertain to the eight appraisals.

**C.      Stancorp cannot recover the damages it seeks for its negligence claims.**

Cushman MD was either the counterparty to the engagement letter or the appraising party for twenty-four of the twenty-five appraisals, with the only exception being the Wyman Hills Apartments. Of those twenty-four appraisals, eighteen have letters of engagement that preclude Stancorp from recovering the damages it seeks—not only as to the contracting parties, but also as to their affiliates. For each of its negligence claims, Stancorp seeks to recover the "losses" it supposedly sustained because "Defendants" allegedly appraised the properties "at a much higher

value than the actual value of the Properties, causing loans to be originated by SMI secured by Properties whose true value was substantially less than the misrepresented value in the Appraisals and could not support adequate recovery[.]"  ECF 24 ¶¶ 140, 151, 161, 168.

The problem for Stancorp is that it previously agreed it could recover only the fee that it paid for the appraisal.  In the letters of engagement for The Wilkes, The Roland, The Madison, 500 South Bond, and The Caroline, Stancorp agreed as follows: "In the event that [Stancorp] makes a claim against C&W or any of its affiliates . . . in connection with or in any way relating to this engagement or the appraisal, the maximum damages recoverable from C&W or any of its affiliates . . . shall be the amount of the monies actually collected by C&W or any of its affiliates for this assignment[.]"  ECF 17-3, Attachs.D, E, F, H, O.  Further, Stancorp "expressly agree[d] that its sole and exclusive remedy for any and all losses or damages relating to this agreement or the appraisal shall be limited to the amount of the appraisal fee[.]"  *Id.*

Similarly, in the letters of engagement for The James, Chateaus de Mount Vernon, Park Place, 300 Cathedral, The Lyn, The Tobee, The Courtland II, The Chelsea, The Brixton, the Tuscan Hills Apartments, The Belvidere, The Suites, and The Davis, Stancorp agreed that "the Appraiser and its personnel's maximum liability to [Stancorp] for any acts or omissions (including negligent acts and omissions) by Appraiser (including its affiliates and/or subcontractors) and/or its personnel arising out of or related to this agreement or any services provided to [Stancorp] will be limited to the amount paid for the services," except in cases of gross negligence or intentional misconduct.  ECF 17-3, Attachs. J, K, L, M, N, P, Q, R, S, T, U, V, X.

These limitations of liability must be enforced to bar Stancorp's theory of recovery.  *See, e.g.*, *Dann Marine Towing, LC v. Gen. Ship Repair Corp.*, No. MJG-12-1610, 2017 WL 3916992,

at *25 (D. Md. Sept. 7, 2017) (enforcing contractual limitation on damages); *Rassa v. Rollins Protective Svcs., Co.*, 30 F. Supp. 2d 538, 545 (D. Md. 1998) (holding that "the contractual limitation of liability provision is enforceable, and the plaintiffs' maximum possible recovery for breach of contract is $500"). And without recoverable damages, Stancorp fails to state a claim for negligence. *See Access Limousine Svc., Inc. v. Svc. Ins. Agency, LLC*, No. TDC-15-3724, 2017 WL 3475669, at *5 (D. Md. Aug. 11, 2017) (holding that "damages are an essential element of a negligence claim"). Therefore, the Court should dismiss Counts 2-5 as they pertain to the twenty-four appraisals identified above.

> **D.     Stancorp's claims are time-barred by the contractual limitations period.**

Even if Stancorp could recover its losses from third-party loan agreements (it cannot), the majority of its claims against Cushman MD are time-barred. Eighteen of the letters of engagement for the appraisals related to The Roland, The Madison, 500 South Bond, The James, Chateaus de Mount Vernon, Park Place, The Caroline, 300 Cathedral, The Lyn, The Tobee, The Courtland II, The Chelsea, The Brixton, the Tuscan Hills Apartments, The Belvidere, The Suites, The Jimmy, and The Davis prescribe a maximum two-year period from the date of the respective appraisal for Stancorp to file its claims. *See* ECF 17-3, Attachs. J, K, L, M, N, P, Q, R, S, T, U, V, W, X ("[I]n no event shall any claim or proceeding, regardless of its form, arising out of or related to this agreement or any services provided to [Stancorp] be brought by [Stancorp] after the earlier of (a) 12 months after discovery of facts giving rise to any such alleged claim; or (b) two years after the completion of the particular services giving rise to the alleged claim. Any claim or proceeding not brought by [Stancorp] within that time period shall be barred without regard to any other limitations period set forth by law or statute."); *id.*, Attachs. E, F, H, O ("[A]ny legal action or claim relating to the appraisal or this agreement shall be filed in court . . . within

two (2) years from the date of delivery to [Stancorp] of the appraisal report to which the claims or causes of action relate or, in the case of acts or conduct after delivery of the report . . . . The time period stated in this section shall not be extended by any delay in the discovery or accrual of the underlying claims, causes of action or damages. The time period stated in this section shall apply to all non-criminal claims or causes of action of any type.").

Contractual limitations periods are enforceable if: "(1) there is no statute to the contrary; (2) the provision is not the result of fraud, duress, misrepresentation, or the like; and (3) the provision is reasonable in light of all pertinent circumstances." *Ceccone v. Carroll Home Svcs., LLC*, 454 Md. 680, 684 (2017). As to the first factor, no Maryland statute prohibits parties from agreeing to shorten the limitations period for claims arising from an appraisal report. As to the second factor, Stancorp does not allege that it agreed to the letters of engagement or the limitations period based on fraud, misrepresentation, or duress.[1] Finally, the contractual limitations period is reasonable. The letters of engagement pertained to multi-million-dollar real estate appraisals for a highly sophisticated lender. Stancorp could have engaged any appraisal firm of its choosing, and it cannot seriously contend that it lacked bargaining power vis-à-vis Cushman MD. Moreover, the outer two-year limitations period is only one year shorter than Maryland's three-year statute of limitations. *See* Md. Code, Courts & Judicial Proceedings § 5-101. Thus, the limitations period prescribed by the letters of engagement is enforceable.

Applying the contractual limitations period, Stancorp's claims against Cushman MD relating to eighteen appraisals are barred. Of the appraisals with which Cushman MD was

---

[1] For the reasons stated *infra*, Cushman MD gives no weight to Stancorp's frivolous claim that it was fraudulently induced to enter into the engagement letters with Cushman MD. Stancorp added this claim to its amended complaint without any legal or factual support solely as a means of avoiding the contractual limitations that bar its claims.

8

involved, the latest was dated January 10, 2024 (The Davis).  ECF 24-1.  Stancorp filed its claims on January 23, 2026, ECF 1, more than two years after these appraisals were completed. Therefore, under the maximum limitations period prescribed by the letters of engagement for the eighteen appraisals listed above, Stancorp fails to state a claim against Cushman MD.

###### E.    Stancorp alleges knowledge of falsity, which precludes a claim for negligent misrepresentation.

Within its claim for negligent misrepresentation (Count 2), Stancorp repeatedly alleges that Cushman MD *knew* the alleged misrepresentations were false.  For example, Paragraph 133 alleges that, "[w]ith regard to each misrepresentation identified in Exhibit B, Defendants made those statements knowing the statements were false."  Paragraph 137 similarly alleges that Cushman MD "knew" the alleged misrepresentations were false.  And in Paragraph 130, Stancorp incorporates all prior allegations, which includes the allegation in Paragraph 118 that Cushman MD "made these representations knowing that they were false."

Where, as here, a plaintiff alleges knowledge of falsity to support a negligent misrepresentation claim, this Court dismisses the claim as sounding in fraud rather than negligence.  *See, e.g.*, *Frozen Wheels, LLC v. Potomac Valley Home Med., Inc.*, No. CCB-20-2479, 2021 WL 2226175, at *5 (D. Md. June 2, 2021) (holding that "negligent misrepresentation fails because . . . , if the allegation is that [defendant] knew its representations to be false, it is duplicative of its intentional misrepresentation claim"); *Cherdak v. ACT, Inc.*, 437 F. Supp. 3d 442, 464 (D. Md. 2020) ("First, the claim is inherently flawed because it is based on the allegation that ACT made knowingly false statements it never intended to honor. . . . Thus, on its face, the complaint asserts intentional falsehoods, not negligent misrepresentations, and thus does not fairly state a plausible claim for relief.") (quotation marks and citation omitted); *200 N. Gilmor, LLC v. Capital One, Nat'l Ass'n*, 863 F. Supp. 2d 480, 493 (D. Md. 2012) (dismissing negligent

misrepresentation claim because, "if the party knows the representation to be false at the time it is made, then the claim is one for *fraudulent* misrepresentation and the negligent misrepresentation claim is converted into a claim for fraudulent misrepresentation") (emphasis in original). The Court should do the same thing here by dismissing Count 2.

### F.    The claims for negligence and professional negligence are duplicative.

Counts 4 (professional negligence) and 5 (ordinary negligence) present the same claim. Stancorp claims ordinary negligence based on the purported "duty . . . to conduct the Appraisals in accordance with USPAP and other applicable regulations." ECF 24 ¶ 163. Likewise, Stancorp claims professional negligence based on the same purported "duty to act in accordance with the law and in accordance with custom, practices and standards of conduct prevailing in the industry," i.e., USPAP. *Id.* ¶ 155. Moreover, Stancorp seeks identical relief in each count. *See id.* ¶¶ 161, 168. There is no difference between Counts 4 and 5.

In cases involving professional services, the elements of ordinary negligence and professional negligence are "equivalent," with the only difference being that "the professional . . . is held to the standard of care that prevails in his or her profession." *Coomes v. Moran*, No. ELH-22-2639, 2025 WL 2106739, at *22 (D. Md. July 28, 2025). Because Stancorp's ordinary negligence claim alleges that Cushman MD failed to comply with "USPAP" and "standards applicable to the appraisal and appraisal industry," ECF 24 ¶ 165, it is identical to the claim for professional negligence based on Cushman MD's alleged failure to comply with "USPAP" and "standards prevalent in the appraisal industry," *id.* ¶ 158.

When this Court confronts duplicative negligence claims, it dismisses one of the claims "to avoid confusion and duplicated effort associated with duplicate claims, and to avoid the need to pare the claims at a later time." *See, e.g.*, *Doe v. Cmty. Coll. of Baltimore Cty.*, 595 F. Supp.

3d 392, 418 (D. Md. 2022) (dismissing ordinary negligence claim as "duplicative" because it was "rooted in the same factual allegations and theory of liability" as the other negligence-based claim and the elements of both claims were "functionally the same").  The Court should do the same thing here by dismissing either Count 4 or Count 5.

### III.    The Court Should Dismiss the Fraudulent Inducement Claim (Count 6).

Before discussing why Count 6 fails, it is important to explain the transparent reason why Stancorp added this baseless claim to its amended complaint.  When the defendants moved to dismiss the original complaint, Stancorp realized that most (if not all) of its claims are barred by the contractual limitations in the letters of engagement.  In a not-so-subtle attempt to invalidate the agreements, including the contractual limitations, Stancorp amended its complaint to claim that it was fraudulently induced to enter into the engagement letters, while also seeking damages that are "unlimited by the terms of the fraudulently induced Engagement Letters."  ECF 24 at Prayer for Relief ¶ b.  There is no legal or factual support for Stancorp's claim in Count 6.  But more important on a motion to dismiss, the claim fails on the face of the pleading, which means that the contractual limitations in the engagement letters remain intact and should be enforced to bar Stancorp's claims.

### A.    The alleged misrepresentations were made after Stancorp signed the engagement letters, and therefore could not have induced it to sign.

To state a claim for fraudulent inducement, Stancorp must plead the elements of fraud, "with the added element that the defendant's fraud led the plaintiff to enter into a detrimental contractual agreement." *Wiseman v. First Mariner Bank*, No. ELH-12-2423, 2013 WL 5375248, at *11 (D. Md. Sept. 23, 2013).  Stancorp identifies the "Engagement Letters" as the agreements

that it was fraudulently induced to execute.[2]  ECF 24 ¶¶ 176, 182.  However, the only alleged misrepresentations were contained within the appraisal reports, *see* ECF 24-2, which were issued *after* Stancorp signed the corresponding engagement letters, *see* ECF 24-1.  These alleged misrepresentations could not have induced Stancorp to sign the engagement letters, which means that Count 6 fails as a matter of law.  *See, e.g.*, *View Point Med. Sys., LLC v. Athena Health, Inc.*, 9 F. Supp. 3d 588, 614 (D. Md. 2014) (holding that misrepresentation made "after the parties entered into the original Agreement" could not form the basis for a fraudulent inducement claim).

> **B.**     **Stancorp fails to allege that defendants lacked the intent to perform USPAP appraisals when they signed the engagement letters.**

In a half-hearted effort to circumvent this timing problem, Stancorp alleges that the defendants "had no intention of performing the Appraisals as promised at the time of executing the Engagement Letters."  ECF 24 ¶ 174.  However, this bald allegation has no supporting facts in the pleading, other than Stancorp's subsequent claim that the engagement letters were breached.  Maryland courts uniformly reject attempts to convert routine breach claims into fraud claims based on a conclusory allegation that the defendant did not intend to perform.  *See, e.g.*, *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 604 (D. Md. 2018) ("[T]he *Strum* Court said that dismissal was appropriate because the plaintiff had done nothing more than assert that defendant never intended to honor its obligation under the agreement. . . . The same logic applies here.") (quotation marks, brackets, and ellipsis omitted) (quoting *Strum v. Exxon Co.*, 15 F.3d 327, 331 (4th Cir. 1994)); *Kwang Dong Pharm. Co. v. Han*, 205 F. Supp. 2d 489, 495 (D. Md. 2002) ("Failure to perform a contract does not convert a breach of contract into fraud. . . . Han

---

[2] To the extent Count 6 alleges that Stancorp relied on alleged misrepresentations within the appraisal reports to enter into loan agreements with third-party borrowers, the claim is identical to and duplicative of Stancorp's actual fraud claim in Count 1 and should be dismissed on that basis. *See* ECF 24 ¶¶ 128-29.

has failed to allege any specific facts, only his general assertions that KD never intended to honor the Agreements it signed with Han.  Accordingly, Counts I & II of Han's Counterclaim will be dismissed for failure to state a claim."); *Bennett v. Ashcraft & Gerel, LLP*, 259 Md. App. 403, 453-54 (2023) ("The breach of an alleged promise, alone, does not establish that the promissor never intended to perform the alleged promise. . . . With only these allegations before it, therefore, the circuit court correctly concluded that [plaintiff] failed to state a claim upon which relief can be granted.").  The Court should dismiss Count 6 on the basis that Stancorp fails to adequately allege Cushman MD's intent not to perform.

> **C.      Stancorp cannot seek rescission of the engagement letters because it already chose to sue for damages.**

Finally, the Court should dismiss Count 6 to the extent it seeks rescission of the engagement letters.  "Under Maryland law, a party who discovers he has been fraudulently induced into a contract may either: (1) unilaterally rescind the contract and recover his expenditures; or (2) ratify the contract and collect damages for its breach; he cannot do both." *Jacobson v. Allstate Ins. Co.*, No. WDQ-06-1629, 2006 WL 8456611, at *2 (D. Md. Oct. 24, 2006).  Stancorp ratified the engagement letters when it filed the original complaint—as well as its current amended pleading—by suing for breach of the engagement letters and seeking compensatory damages.  *See Aloi v. Moroso Inv. Partners, LLC*, No. DKC-11-2591, 2012 WL 4341741, at *6 (D. Md. Sept. 20, 2012) ("It is the general rule that the commencement of an action for damages for fraud is an affirmance of the contract and an election to claim damages under the contract.").  This ratification of the engagement letters "precludes a suit for rescission." *Doe Mountain Enters., Inc. v. Jaffe*, 171 Md. App. 1, 17 (2006); *Brown v. NVR, Inc.*, No. PJM-10-1002, 2011 WL 2148793, at *7 (D. Md. May 31, 2011) ("[Plaintiff] was put to a prompt election to rescind the contract or to ratify it and claim damages, . . . and he chose the latter route.

13

Accordingly, the Court will dismiss the rescission claim[.]") (quotation marks and citation omitted). The Court should dismiss Stancorp's claim for rescission in Count 6.

## IV. The Court Should Dismiss the Breach of Contract Claim (Count 7).

### A. Cushman MD is not a party to nine letters of engagement.

According to Stancorp's indiscriminate group-pleading in Count 7, Stancorp "entered into the Engagements with *Defendants*" and "*Defendants* breached the Engagements[.]" ECF 24 ¶¶ 185, 187 (emphasis added). The allegation that Stancorp entered into letters of engagement with Cushman MD for all twenty-five appraisals is incorrect. Cushman MD was not the counterparty to nine engagement letters for Vision, The Darcy, The Courtland, The Calvert, The Archer, The Belvidere, The Suites, The Davis, and the Wyman Hills Apartments. *See* ECF 17-3, Attachs. A, B, C, G, I, J, K, X, Y. "Under Maryland law, a person cannot be held liable under a contract to which he was not a party." *Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378, 395 (D. Md. 2011) (quotation marks omitted). Here, Cushman MD was not a party to the nine engagement letters listed above, and therefore cannot be liable as a matter of law. *See, e.g.*, *Jackson v. J.P. Morgan Chase Bank, N.A.*, No. PWG-14-3180, 2015 WL 3465735, at *3 (D. Md. May 28, 2015) ("As for the Security Agreement, none of the Defendants is a party to it. . . . Therefore, Defendants cannot be liable under it."). Therefore, Count 7 fails to state a claim against Cushman MD for these nine appraisals.

### B. Stancorp alleges that the letters of engagement were void *ab initio*.

Stancorp's breach of contract claim fails based on Stancorp's own allegations that its supposed letters of engagement were "void ab initio," ECF 24 ¶ 89, that the letters were "invalid from inception," *id.* ¶ 186, and that "none of the provisions therein . . . is enforceable," *id.*[3] "A

---

[3] To be clear, the defendants contend that the letters of engagement are valid and should be enforced to bar most (if not all) of Stancorp's claims. As a matter of pleading, however, Stancorp

14

void contract is not a contract at all . . . , and all parties, present and future, would be equally allowed to avoid the contract." *Julian v. Buonassissi*, 414 Md. 641, 666 (2010) (quotation marks and citation omitted). "It follows that there can be no breach of an invalid contract." *Mayor & City Council of Havre De Grace v. Pensell*, No. 1746, 2025 WL 2218301, at *40 (Md. App. Aug. 5, 2025). By specifically alleging that the letters of engagement were void, invalid, and unenforceable, Stancorp defeats its own breach of contract claim in Count 7, which must be dismissed.

### C.    The contractual limitations apply to Stancorp's contract claim as it relates to the majority of the appraisals.

In Argument §§ II.C-D, *supra*, Cushman MD explained that the contractual limitations on damages and the time for bringing suit bar the majority of Stancorp's tort claims. Those same limitations also bar Stancorp's contract claim as it relates to the majority of the appraisals,[4] and the prior arguments are incorporated as if fully restated here.

### CONCLUSION

For the reasons discussed, the Court should grant Cushman MD's motion and dismiss all claims against it.

---

cannot proceed on a breach of contract claim while alleging within the very same count that the contracts on which it is suing are invalid and unenforceable.

[4] Like the other claims, Stancorp's breach of contract claim seeks to recover the "losses" Stancorp supposedly sustained because "Defendants" allegedly appraised the properties "at a much higher value than the actual value of the Properties, causing loans to be originated by SMI secured by Properties whose true value was substantially less than the misrepresented value in the Appraisals and could not support adequate recovery[.]" ECF 24 ¶ 189. *See also Klicos Painting Co. v. Saffo Contractors, Inc.*, No. JFM-15-2505, 2017 WL 3976625, at *6 (D. Md. Sept. 6, 2017) ("damages is a required element of a breach of contract claim").

Dated: April 2, 2026

Respectfully submitted,
**Cushman & Wakefield of Maryland, LLC**
*By Counsel*


*/s/ John D. Wilburn*
John D. Wilburn (Bar No. 16902)
Brooks H. Spears (Bar No. 22047)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
jwilburn@mcguirewoods.com
bspears@mcguirewoods.com


## CERTIFICATE OF SERVICE

I certify that, on April 2, 2026, I caused the foregoing to be served via the Court's electronic filing system, which will send notice to all counsel of record.


*/s/ John D. Wilburn*